[Civ. No. 17851.   Second Dist., Div. Two.   Apr. 9, 1951.]

AARON S. LEVEN, Respondent, v. PHILLIP LEGARRA et al., Defendants; ROLLAND LEGARRA, Appellant.

George E. Stoddard for Appellant.

Ludwig H. Gerber for Respondent.

WILSON, J.—This is an action for the recovery of $2,500 paid as the purchase price for stock in the Modern Engineering & Development Company, sold in violation of section 2(a)(8) of the Corporate Securities Act in force at the time of the transaction.   (Stats. 1937, ch. 477, p. 1428; 2 Deering's Gen. Laws, pp. 1418, 1420, Act 3814.)*   From a judgment in favor of plaintiff defendant Rolland Legarra appeals.

---

*Section 2(a)(8) reads as follows:
" 'Sale' or 'sell' shall include every disposition, or attempt to dispose, of a security or interest in a security for value.   Any security given or delivered with, or as a bonus on account of, any purchase of securities or any other thing, shall be conclusively presumed to constitute a part of the subject of such purchase and to have been sold for value.   'Sale' or 'sell' shall also include a contract of sale, an exchange, an attempt to sell, an option of sale, a solicitation of a sale, subscription or an offer to sell, directly or by an agent, or a circular letter, advertisement or otherwise; provided, that a privilege pertaining to a security giving the holder the privilege to convert such security into another security of the same company shall not be deemed a sale of such other security within the meaning of this definition; and provided further, that the issue or transfer of a right pertaining to a security and entitling the holder of such right to subscribe to another security of the same company

■ The corporation did not have a permit from the Division of Corporations to offer its stock for sale in California and the only question raised by this appeal is whether the court erred in finding that the sale of the securities was made in California.

There is no dispute as to the facts. The Modern Engineering and Development Company was a Nevada corporation maintaining its executive offices in California. The company through its agents, defendants Legarra and Rollins, in Los Angeles, offered to sell to plaintiff 2,500 shares of its stock, conditioning its offer upon plaintiff's accepting the same by mailing his check for the purchase price addressed to the corporation at Carson City, Nevada. Plaintiff mailed his check to the company office in Nevada. When the offer was made, when it was accepted and at the time of the receipt of the check in Nevada the stock certificate book and the seal of the corporation were at its offices in Los Angeles. The certificate of stock received by plaintiff was signed by Legarra as secretary and the seal of the corporation was placed on the certificate in Los Angeles, after which the certificate was mailed to the company's agent in Carson City, Nevada, and subsequently redeposited in the mail in Carson City in an envelope addressed to plaintiff at Los Angeles, where it was received by him.

There can be no doubt but that the device of having plaintiff mail his check in Los Angeles to the corporation's agent in Nevada and mailing a completed certificate from Los Angeles to Nevada and then remailing it to plaintiff in Los Angeles was adopted in an attempt to evade the laws of the State of California. Indeed, appellant concedes as much but asserts that the sale was not complete until the stock was placed in the mail in Nevada and that it was therefore not a sale within the State of California as' contemplated by section 2(a)(8) of the Corporate Securities Act, *supra*.

The cases cited by plaintiff do not support his contention since in each of those cases the actual delivery of the stock was made to the agent of the buyer outside the State of California and acceptance of the corporation's offer to sell was condi-

---

shall not be deemed a sale of such security within the meaning of this definition; but the sale of such other security upon the exercise of such right shall be subject to the provisions of this act.''

The Corporate Securities Act was repealed in 1949 by section 100005 of the Corporations Code. (Stats. 1949, ch. 384, pp. 698, 699.) The subject covered in section 2(a)(8) of the former act is now in section 25009 of the Corporations Code.

tioned upon delivery to such agent. In the instant case the offer was made to and was accepted by plaintiff in California, the certificate was issued in this state and was delivered by mail to plaintiff in California.

The facts are similar to those in *Hertz Drivurself Stations, Inc.* v. *Ritter*, 91 F.2d 539, in which the offer to sell was made and accepted in California and the stock was delivered by plaintiff in California by registered mail. The defendant contended that there was no evidence that the stock was not issued in Nevada. The court stated that the contract was performed insofar as transferring title to the stock was concerned by the delivery of the certificates by mail to the plaintiff; that where there is nothing in the agreement to the contrary, the intent ordinarily is that a contract for the sale of stock is performed and title to the shares transferred upon delivery of the stock; that the negotiations had been carried on in California, the offer had been made and accepted in California and the stock was delivered in California. The court declared that it was clear that it was the intent of the parties that the place of delivery was in California.

In *B. C. Turf & Country Club, Ltd.* v. *Daugherty*, 94 Cal. App.2d 320, 329 [210 P.2d 760], relied on by defendant, the court held that the preliminary discussions had in California at the time when, although the articles of incorporation had been filed, the foreign corporation had no permit to engage in business, no permit to sell stock, no assets and no plan of operation, did not amount to solicitation or to the type of preliminary negotiation requiring a permit under California law. The court stated, however, that "there can be no reasonable doubt but that these provisions of the statute require a foreign corporation to secure a permit to solicit a sale of its stock in this state, or to engage in preliminary negotiations looking towards such sale, even though the issuance of the securities and the transfer of their title will, in good faith, be completed in a foreign state. The sections quoted [Corporate Securities Act, §§ 2(a)(3), 2(a)(8) and 3] clearly prohibit a foreign corporation from soliciting in this state a sale of stock of its own issue without first securing a permit, even though in good faith the issuance of the stock and transfer of title are to take place in the foreign state."

Judgment affirmed.

Moore, P. J., and McComb, J., concurred.